WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael J. Ottiano, | No. CV 09-00025-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Professional Sports Authenticator, | |
| Defendant. | |

    Currently before the Court is Defendant Professional Sports Authenticator's Motion to Dismiss (Dkt.#4). After reviewing the pleadings, and finding oral argument unnecessary, the Court issues the following Order.

    Defendant Professional Sports Authenticator ("PSA") moves to dismiss the Complaint because a forum selection clause in the parties' agreement requires all legal actions between them to be heard in the Superior Court of Orange County, California. (Dkt.#4) PSA is an independent sports and trading card authentication and grading service that is located in Santa Ana, California. It has graded over 10 million trading cards and its mark and grade is relied upon by collectors as proof that a trading card is genuine and that it has not been altered in any way from its original issue except by the ravages of time. Plaintiff alleges in his complaint that he entered into an agreement with PSA to grade his sporting cards pursuant to PSA's publicly distributed grading standards, but that PSA failed to do so.

Because of this, Plaintiff seeks specific performance and damages. Though not specifically identified, Plaintiff's claims appear to sound in breach of contract and fraud.

The Submission Form that describes the services a client wishes PSA to perform and sets out the terms and conditions under which PSA will perform the requested services contained the following provision:

> 11. EXCLUSIVE JURISDICTION AND VENUE FOR ANY DISPUTE ARISING FROM CUSTOMER'S SUBMISSION OF CARDS/TICKETS SHALL BE IN THE SUPERIOR COURT, ORANGE COUNTY, CALIFORNIA, AND CUSTOMER AGREES TO WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH ACTION, AND FURTHER AGREES THAT THE PREVAILING PARTY IN ANY SUCH ACTION SHALL BE ENTITLED TO AN AWARD OF ITS ATTORNEY'S FEES AND COSTS.

This provision was printed in a font that was bold-faced, capitalized, and in a font that was larger than the rest of the terms and conditions contained in the contract.

Plaintiff contends that the Submission Form was an unconscionable contract of adhesion and should not be enforced. He further argues that he signed the front of the form and was surprised to learn of the forum selection clause on the back, which he claimed was printed in text so small that he "needed a magnifying glass to read it."

Federal law governs the validity of a forum selection clause. Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 867 (9th Cir.1991). Such clauses are prima facie valid and not to be set aside absent a showing that they are unreasonable under the circumstances. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).

In Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509 (9th Cir. 1988), the Ninth Circuit explained that where tort claims cannot be adjudicated without analyzing whether the parties were in compliance with the contract , they fall within the scope of the forum selection clause. The Court went on to say that "[f]orum selection clauses are *prima facie* valid, and are enforceable absent a strong showing by the party opposing the clause

1  'that the clause [is] invalid for such reasons as fraud or overrreaching.'" Id. at 514-15
2  (internal citation omitted).

3  Plaintiff does not dispute either of these rules and instead argues that the forum
4  selection clause should be void because the Submission Form is unconscionable because it
5  is presented on a take-it-or-leave-it basis and is therefore a contract of adhesion. In addition,
6  Plaintiff argues that the forum selection clause is procedurally unconscionable because it
7  appeared on the back of the form; he argues that he signed the front of the submission form,
8  which made no mention of any forum for disputes. Notably absent from Plaintiff's
9  arguments is any assertion that the forum selection clause is ambiguous or claim that the
10 Plaintiff cannot receive a full and fair resolution of his claims if California law were applied.

11 Both parties appear to agree that California law applies. (Dkt.#8 at 2:1-3) Under
12 California law, when determining whether a forum selection clause is enforceable, California
13 courts analyze simply whether the clause is unfair or unreasonable. Berg v. MTC Electronics
14 Technologies Co., 61 Cal.App.4th 349 (1998). Under California law, even forum selection
15 clauses in contracts of adhesion that are not read are enforceable as long as the clause
16 provides adequate notice that the party was agreeing to the jurisdiction cited in the contract.
17 Hunt v. Superior Court, 81 Cal. App.4th 901 (2000).

18 Thus, even assuming that the contract at issue here is a contract of adhesion, the only
19 relevant inquiry is whether the clause provides adequate notice. To support that notice was
20 adequate and reasonable, Defendant notes that the phrase, "I HAVE READ AND AGREE
21 TO THE PSA TERMS AND CONDITIONS SET FORTH ON THIS FORM" appeared in
22 bold-faced capital letters directly above Plaintiff's signature on the front of the form. (Dkt.#6
23 at 7) Moreover, the forum selection clause is one of the most prominent terms on the back
24 of the form, given that it is set forth in bold-faced, capitalized text in a font larger than the
25 surrounding text. In addition, Defendant points out that the variable shipping fee could only
26 have been determined by flipping the form over and reviewing the fee terms listed directly
27 above the forum selection clause. Plaintiffs own handwriting demonstrates that he correctly
28 determined the appropriate shipping fee by referring to this table. For these reasons, this

| | |
|---|---|
| 1 | Court finds that there was adequate notice of the forum selection clause. Given that Plaintiff |
| 2 | has not established that there was fraud or overreaching in the contract or in the forum |
| 3 | selection clause, the forum selection clause is *prima facie* valid. <u>Manetti-Farrow, Inc. v.</u> |
| 4 | <u>Gucci America, Inc.</u>, 858 F.2d 509 (9th Cir. 1988). As such, this case must be dismissed |
| 5 | without prejudice to its refiling in the Superior Court, Orange County, California. |
| 6 | **Accordingly,** |
| 7 | **IT IS HEREBY ORDERED** granting Defendants' Motion to Dismiss. (Dkt.# 4). |
| 8 | **IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Dkt.#1). |
| 9 | **IT IS FURTHER ORDERED** directing the Clerk of Court to close this case. |
| 10 | DATED this 2nd day of November, 2009. |

_____
Mary H. Murguia
United States District Judge